# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 19-3644

———————————————

United States of America

*Plaintiff - Appellee*

v.

John Allen Urfer

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

——————————

Submitted: September 21, 2020
Filed: November 9, 2020
[Unpublished]

——————————

Before KELLY, WOLLMAN, and STRAS, Circuit Judges.

——————————

PER CURIAM.

John Allen Urfer's laptop contained more than one thousand images and almost three thousand videos of child pornography. He pleaded guilty to one count of receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2), (b)(1) and was sentenced to 260 months' imprisonment. After considering the victims' restitution requests and

their victim impact statements, the district court[1] ordered that Urfer pay $24,000 in restitution, $3,000 to each of the eight victims who sought restitution. Urfer now challenges four of these awards.

Federal law requires that restitution be ordered in child pornography cases. 18 U.S.C. § 2259(b)(4)(A) (2012). The district court must direct the defendant to pay the full "amount of the victim's general losses" that were proximately caused by the defendant. United States v. Paroline, 572 U.S. 434, 460 (2014); see also 18 U.S.C. §§ 2259(b)(1), (b)(3). These general losses include costs incurred by the victim for payment for medical services, therapy, lost income, and attorneys' fees. 18 U.S.C. § 2259(b)(3) (2012). In Paroline, the Supreme Court set forth certain "rough guideposts" to help district courts determine the appropriate amount of restitution. 572 U.S. at 460. Restitution orders should not be a "trivial," "token[,] or nominal amount." Id. at 459–60. Although the government must prove the amount of damages by a preponderance of the evidence, United States v. Adejumo, 848 F.3d 868, 870 (8th Cir. 2017), Congress recently set the minimum reasonable child pornography restitution amount at $3,000 for future cases. 18 U.S.C. § 2259(b)(2)(B) (2018) (effective Dec. 7, 2018).

We conclude that the government presented sufficient evidence from which the district court could find that each of the four victims was entitled to $3,000 in restitution. Each victim submitted a restitution request declaration prepared by her attorney, which set forth the victim's damages. These restitution requests sought restitution for future psychological therapy, lost income, legal fees, medical treatment, and expert reports to estimate the victim's total damages. See United States v. Emmert, 825 F.3d 906, 911 (8th Cir. 2016) (permitting the district court to set restitution based on a "basic knowledge of medical expenses"). Three of the four

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

victims' requests included specific, itemized cost estimates. See United States v. Rothenberg, 923 F.3d 1309, 1337–38 (11th Cir. 2019) (concluding that the district court reasonably considered an attorney's cost estimates as a reliable basis for setting restitution when the attorney co-represented other victims in the case and thus had demonstrated experience); cf. Emmert, 825 F.3d at 911 (affirming, under Paroline, a restitution order even when the victim had not documented each expense). Moreover, the victims submitted impact statements that described the ongoing trauma of having their images continually trafficked, possessed, and, as in Urfer's case, received. See United States v. Hoskins, 876 F.3d 942, 946 (8th Cir. 2017) (permitting reliance on the victim impact statement and the victim's mother's testimony in setting the restitution amount); Emmert, 825 F.3d at 911(permitting the district court to set restitution based on lay testimony about the victim's emotional distress).

The district court also considered the number of images Urfer received—nineteen images of one victim, two images of two victims, and forty images of the fourth victim—as well as the images' graphic nature, noting that Urfer caused "significant damage" to his victims. See Paroline, 572 U.S. at 460 (listing the guideposts, including how many images the defendant possessed); United States v. Bordman, 895 F.3d 1048, 1059 (8th Cir. 2018) (upholding a $3,000 award based, in part, on "the egregious nature of the video and the severity of the depictions"). The court was not required to assess each Paroline factor individually. Paroline, 572 U.S. at 459–60; see also Bordman, 895 F.3d at 1059 ("We decline to transform one of the Paroline factors . . . from a 'rough guidepost' into a 'rigid formula.'").

We find no clear error in the court's determination that $3,000 per victim was "reasonable and circumscribed" restitution for the damage that Urfer caused each victim. See Paroline, 572 U.S. at 459. We note the district court's observation at sentencing that "[i]t is helpful that we now have a statute that at least sets a minimum rule that does not apply specifically to this case, but [which] the Court uses . . . as some evidence of what is a reasonable amount. . . ." See also United States v. Green, 954

F.3d 1119, 1125 (8th Cir. 2020) ("While the $3,000-per-victim minimum was not implemented until after Green's plea, the district court found Congress's determination instructive.").

The judgment is affirmed.

_____